# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: J.Y.**

**No. 12-1472** (Clay County 11-JA-44)

**FILED**

May 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother filed this appeal, by counsel Daniel Grindo, from the Circuit Court of Clay County, which terminated her parental rights by order entered on November 13, 2012. The guardian ad litem for the child, William Lester, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee Niezgoda, and the child's biological father, by his attorney Kevin Hughart, have both filed responses in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2011, the DHHR filed its petition in the instant case. This petition alleged physical abuse of the child by Petitioner Mother. For instance, Petitioner Mother would pinch and hit the child without reason and rub numbing gel on the child's gums in attempts to stop his crying. On one occasion, Petitioner Mother did not strap the child in his stroller, causing him to fall out, roll down a hill, and hit a tree. As a result, the child sustained injuries to his head and ribs. The circuit court granted Petitioner Mother an improvement period, during which she participated in services and classes. Nevertheless, Petitioner Mother continued to physically abuse her child throughout this case. Consequently, following the dispositional hearing in September of 2012, the circuit court terminated Petitioner Mother's parental rights in its November of 2012 order. Petitioner Mother appeals this termination.

Petitioner Mother first argues that the circuit court erred in finding that the conditions of abuse and neglect could not be corrected in a reasonable period of time. She argues that given her own young age and her troubled childhood, she should receive more time to participate in services and programs. In response, all respondents argue that Petitioner Mother continued to abuse the child after they were placed together in a foster home. Respondents further assert that Petitioner Mother's failure to discontinue her abuse of the child reflects her failure to benefit from the services that were offered to her.

Petitioner Mother also argues that the circuit court erred when it found that termination of her parental rights was in the child's best interests. She argues that by terminating her rights, the circuit court gave up on her too soon and denied her child the opportunity to have a strong and positive relationship with his mother. In response, the respondents argue that the circuit court did

1

not err in termination based on the child's best interests. They reiterate that Petitioner Mother continued to physically abuse her child throughout this case. For instance, the DHHR points out that one month prior to disposition, Petitioner Mother admitted to still hitting the child for no reason.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's termination of Petitioner Mother's parental rights. Our review of the dispositional hearing transcript provides testimony that, despite completing parenting classes, Petitioner Mother reported to a nurse in August of 2012 that she hits the child "for no reason." We find that the circuit court was presented with sufficient evidence upon which it could have based findings that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm the circuit court's order terminating petitioner's parental rights to the subject child.

Affirmed.

**ISSUED:** May 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2